## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| EARL J. HENSON, | : | CIVIL ACTION FILE |
| | : | |
| Plaintiff | : | NO. _____ |
| | : | |
| V. | : | |
| | : | **JURY TRIAL DEMANDED** |
| THE CITY OF ATLANTA, | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

COMES NOW Plaintiff Earl J. Henson and hereby submits this Complaint against the above-named Defendant on the following grounds:

## NATURE AND PURPOSE

### 1.

This is a lawsuit is brought for disability and retaliatory discrimination in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. Section 12101, et seq. and Section 504 of the Rehabilitation Act of 1973. Plaintiff seeks all relief available under the Act.

## JURISDICTION AND VENUE

### 2.

1

This Court has personal jurisdiction over Defendant and has subject matter jurisdiction over the claims set forth herein pursuant to 28 U.S.C. Section 1331 and 1343.

3.

All actions alleged herein occurred within the Atlanta Division of the Northern District of Georgia. Venue in this district is proper for the Defendant pursuant to 28 U.S .C. § 1391(b) & (c).

**PARTIES**

4.

Plaintiff Earl J. Henson (hereinafter "Plaintiff") is a citizen and resident of the State of Georgia and is entitled to bring actions of this kind and nature.

5.

The Defendant CITY OF ATLANTA (the "City") is a duly incorporated municipality located primarily in Fulton County, State of Georgia and is a recipient of federal financial assistance. The City is subject to the jurisdiction of this court, and may be served with this Complaint and Summons in accordance with O.C.G.A. § 9-11-4, through service on the Mayor, Kasim Reed, at 55 Trinity Avenue, Atlanta, Georgia 30303.

2

## FACTUAL ALLEGATIONS GIVING RISE TO PLAINTIFF'S CLAIMS

6.

As of March 28, 2014, Plaintiff was employed by the City of Atlanta, as a Lieutenant in the Fire Department.

7.

On March 28, 2014, Plaintiff was required to go to the City of Atlanta EAP.

8.

After three visits, when Plaintiff deemed such counseling unnecessary, Plaintiff discontinued the outside psychotherapy portion of the EAP program, which is what required Plaintiff to pay out of pocket.

9.

Plaintiff continued the management classes and other, non-medical portions of the EAP program.

10.

On July 29th, Plaintiff was demoted from his position as a Lieutenant because Plaintiff had discontinued the psychotherapy portion of the EAP.

11.

Plaintiff was treated by the City of Atlanta as if Plaintiff were psychologically impaired.

12.

Plaintiff was required to undergo an improper medical evaluation and obtain psychotherapy through the EAP, at his own expense, and removed from his Lieutenant's duties based on a perception that Plaintiff was "delusional" and psychologically impaired.

13.

In conjunction with removing his duties, the City also cut his pay to that of a Firefighter II.

14.

The perception that Plaintiff am psychologically impaired is false and, in fact, Plaintiff does not suffer from an actual psychological impairment nor does Plaintiff have a record of any actual psychological disability.

15.

Instead, Plaintiff was regarded and treated as if he were psychologically disabled, in that the decisions in question are ostensibly based on a purported psychological disability.

16.

The City's agents expressed the belief that Plaintiff is psychologically impaired because of his role in exposing cheating on the Lieutenants' exam.

17.

Among those engaging in such conduct is Robert Godfrey, Chief Counsel for the City of Atlanta, who has claimed that Plaintiff is "delusional" in making allegations of cheating and retaliation.

18.

However, Plaintiff is aware that Mr. Godfrey personally received confirmation of the cheating allegations Plaintiff had made from a third party who also witnessed the event in question.

19.

Notwithstanding that fact, the City has refused to reinstate Plaintiff to his Lieutenant's position and duties and, instead, treats him as if Plaintiff were mentally unstable and delusional.

20.

Based on the above-information, Plaintiff filed a Charge of Discrimination with the EEOC in November, 2014.

21.

5

Since that time, Plaintiff was been promoted again to Lieutenant, but was not paid the back pay between the date he was discriminatorily demoted and the date his title and duties of Lieutenant were restored, being the period from June 29, 2014 until November 19, 2014.

22.

Further, on January 30.2013, then Fire Chief Kelvin J. Coclwan issued a Memorandum which identified all Lieutenants who were placed on the Provisional Captains Registry for promotion to Captain.

23.

Pursuant to that Memorandum, "the registry shall be active until exhausted or appointments are made through a competitive process".

24.

Plaintiff was ranked 27th out of the 34 Lieutenants listed on that Provisional Captains Registry.

25.

Every single one of the 34 Lieutenants listed was promoted to Captain except for Plaintiff.

26.

Further, the City promoted Lieutenant Cummings to Captain at Station 34 on A Shift in approximately April, 2014.

27.

Cummings was not even on the Provisional Captains Registry.

28.

The City has therefore violated the terms of Memorandum #4 by promoting a person not on the Registry before the Registry has been exhausted.

## CLAIMS FOR RELIEF

## COUNT ONE:

## DISCRIMINATION BECAUSE OF DISABILITY IN VIOLATION OF TITLE I AND II OF THE AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT AND SECTION 504 OF THE REHABILITATION ACT

29.

Plaintiff incorporates herein by reference the factual statements set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

30.

Defendant is an employer was Plaintiff's employer as defined by Title I of the ADAAA and governmental entity as defined by Title II of the ADAAA and a

recipient of federal financial assistance as defined by Section 504 of the Rehabilitation Act of 1973.

31.

Defendant regarded Plaintiff as having a disability based on Plaintiff's report of information brought to his attention that there had been widespread cheating on the Lieutenant's examination.

32.

Defendant discriminated against Plaintiff based upon his perceived disability by demoting him, by requiring him to undergo psychological evaluation and counseling, by demoting him, and by refusing to promote him to Captain notwithstanding the fact that he was on the list of eligible for promotion to Captain.

33.

As a consequence of Defendant's actions, Plaintiff has suffered emotional distress.

34.

Defendant's actions cost Plaintiff back wages, health and other benefits, as well as the entitlement to continued employment.

35.

Plaintiff is entitled to recover his lost wages from Defendant.

36.

Plaintiff is entitled to recover from Defendant compensatory damages, punitive damages, attorneys' and witness' fees, costs, and expenses of litigation.

37.

All conditions precedent to bringing this Count have been completed, performed and/or waived.

## COUNT TWO:

## RETALIATORY DISCRIMINATION IN VIOLATION OF TITLE I AND II OF THE AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT AND SECTION 504 OF THE REHABILITATION ACT

38.

Plaintiff incorporates herein by reference the factual statements relevant to this claim which are set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

39.

Defendants engaged in retaliatory discrimination against Plaintiff based upon his conduct in filing a Charge of Discrimination with the Equal Employment Opportunity Commission, in violation of Title I and II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, by refusing to promote

him to Captain, notwithstanding the fact that Defendant's own policies required his promotion.

40.

As a consequence of Defendants' actions and failures to act, Plaintiff has suffered emotional distress.

41.

Defendants' actions cost Plaintiff back wages, health and other benefits, as well as the entitlement to continued employment.

42.

Plaintiff is entitled to recover lost wages from Defendants.

43.

Plaintiff is entitled to recover from Defendants compensatory damages, punitive damages, attorneys' and witness' fees, costs, and expenses of litigation.

44.

All conditions precedent to bringing this Count have been completed, performed and/or waived.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff demands judgment against the City as follows:

a)     that this Court declare that Defendant's actions, policies and practices complained of herein violate the rights of plaintiff as secured by state and federal law;

b)     that plaintiff be awarded against Defendant the lost salary he would have received absent Defendant's unlawful acts;

c)     that plaintiff be awarded appropriate compensatory damages, including damages for pain and suffering, emotional distress and damage to his good name and professional reputation, in an amount to be determined by the enlightened conscience of the jury;

d)     that plaintiff be awarded pre-judgment interest;

e)     that plaintiff be awarded his costs, out of pocket expenses, and reasonable attorneys' fees in this action;

f)     that plaintiff be awarded injunctive relief of reinstatement to the position of Captain as of the earliest date such promotion should have occurred; reformation of his seniority as Lieutenant and Captain and his pension and restoration of other benefits of employment; and other injunctive relief necessary to return him to the status quo ante;

g)     that plaintiff be awarded such other relief as the Court deems just and proper;

11

h)    and that the within action be tried by a jury.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.

Respectfully submitted this _____ day of August 10, 2017.

**ORR, BROWN & BILLIPS, LLP**

_/s/ Matthew C. Billips_
Matthew C. Billips
Georgia Bar No. 057110
_s/ Kristine Orr Brown_
Kristine Orr Brown
Georgia Bar No. 554630
P.O. Box 2944
Gainesville, GA 30503
(770) 534-1980 t
(770) 536-5910
mbillips@orrbrownandbillips.com

ATTORNEYS FOR PLAINTIFF

12